CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Roanoke
JUL 15 2014
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ROBERT W. DOUGHERTY, ) | Civil Action No. 7:14-cv-00058 | |
| Petitioner, ) | | |
| ) | | |
| v. ) | MEMORANDUM OPINION | |
| ) | | |
| SAMUEL V. PRUETT, ) | By: Hon. Jackson L. Kiser | |
| Respondent. ) | Senior United States District Judge | |

Robert W. Dougherty filed a pro se amended petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, while he was an inmate within the Virginia Department of Corrections ("VDOC"). Petitioner complained about the revocation of a suspended sentence and the VDOC's calculation of his release date. Petitioner's requested relief was the immediate release from imprisonment. Respondent filed a motion to dismiss, which included an affidavit from the VDOC's Legal Services and Community Release Manager, arguing that the case is moot because Petitioner was discharged from the custody of the VDOC on April 28, 2014.[1]

I agree and dismiss the petition as moot because Petitioner challenges the calculation of his release date, he has been released from custody, and he does not allege any collateral consequences that would warrant relief. See Lane v. Williams, 455 U.S. 624, 631 (1982) (habeas petitions were moot after prisoners' sentences expired and prisoners had attacked only their sentences); North Carolina v. Rice, 404 U.S. 244, 248 (1971) (per curiam) ("Nullification of a conviction may have important benefits for a defendant . . . but urging in a habeas corpus proceeding the correction of a sentence already served is another matter."). Consequently, Petitioner cannot satisfy the element of redressability for Article III standing. Lujan v.

---

[1] After his recent release from VDOC custody, Petitioner was arrested and is presently a pretrial detainee on charges in the City of Alexandria for grand larceny (auto theft), possession of burglary tools, petit larceny, and driving under a revoked or suspended license. These charges clearly are not related to the instant petition or to Respondent.

Defenders of Wildlife, 504 U.S. 555, 560-61 (1992). Based upon my finding that Petitioner has not made the requisite substantial showing of a denial of a constitutional right as required by 28 U.S.C. § 2253(c), a certificate of appealability is denied.

**ENTER**: This 15th day of July, 2014.

                                                   Senior United States District Judge